DARLEEN R. BOYLE, Appellant, *v.* BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT, Respondent.

No. 15740

October 22, 1985                    707 P.2d 1135

[Rehearing denied December 12, 1985]

*Schreck, Sloan, Bernhard and Jones,* Las Vegas, for Appellant.

*Thomas J. Moore,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Darleen Boyle, an elementary school teacher of 19 years experience, was dismissed by the school board from her tenured position with the Clark County School District. Boyle challenged the board's action in district court, and, after an adverse decision, brings this appeal.

After a long period of apparently satisfactory performance, charges attacking Boyle's competency to teach erupted in her nineteenth year of service. Whether adequate cause exists for her removal is not before us as Boyle's counsel acknowledges that there is evidence in the record, which, if believed, would provide cause for dismissal. Our task is limited to determining whether Boyle's dismissal was carried out in conformance with the procedure mandated by state law for dismissing a tenured teacher.

Boyle was first informed on September 30, 1981, that her performance as a teacher was unsatisfactory. Her principal gave her a written notice that she had failed to comply with lesson plan requirements, failed to supervise students in her charge and failed

to report to her duty location on specified dates. Boyle was repeatedly notified that her failure to prepare lesson plans and to employ certain teaching skills and concepts was unsatisfactory.

On December 2, 1981, Boyle was warned that unless she demonstrated improvement by March 3, 1982, she would be recommended for non-renewal of her contract or for dismissal. On December 7, 1981, a special assistance team was formed to aid Boyle in improving her performance and to evaluate her progress. Throughout December and January evaluations of Boyle's work continued to be unfavorable. Because of a work-related injury Boyle was absent from work from February 18, 1982, through April 26, 1982. Although she had been given only until March 3 to improve her performance, no recommendation regarding Boyle's reemployment was made until after she returned to work in April.

On June 1, 1982, the special assistance team, in accordance with NRS 391.314(1), recommended Boyle's dismissal. Boyle was afforded a hearing before a hearing officer who also concluded that she should be dismissed. The superintendent of schools concurred in the hearing officer's recommendation, and the board of trustees dismissed Boyle on January 27, 1983. The board gave retroactive effect to its decision by making it effective as of June 3, 1982, the last day of the 1981-82 school year.

As a result of the special assistance team's decision to forestall making its recommendation of dismissal until after Boyle's return to work from her injury related absence, the critical reemployment date of April 1 passed without Boyle's having received notice of her status for the upcoming year. NRS 391.3196[1] categorically requires the board of trustees to notify teachers in

---

[1]NRS 391.3196 provides:

> 391.3196 Reemployment of postprobationary employees: Procedure.
>
> 1. On or before April 1 of each year, the board of trustees shall notify postprobationary employees in their employ, in writing, by certified mail or by delivery of the employee's contract, concerning their reemployment for the ensuing year. If the board, or the person designated by it, fails to notify a postprobationary employee who has been employed by a school district of his status for the ensuing year, the employee shall be deemed to be reemployed for the ensuing year under the same terms and conditions under which he is employed for the current year.
>
> 2. This section does not apply to any certificated employee who has been recommended to be demoted, dismissed or not reemployed if such proceedings have commenced and no final decision has been made by the board. A certificated employee may be demoted or dismissed for grounds set forth in NRS 391.312 after he had been notified that he is to be reemployed for the ensuing year.

(Emphasis added.)

writing on or before April 1 of each year concerning their employment for the ensuing year; failure to notify results in automatic reemployment. Because of the board of trustee's failure to act and to give Boyle notification of its decision prior to April 1, 1982, she had a statutory right to be employed by the Clark County School District for the "ensuing" year, which is to say the school year September, 1982 through June, 1983.

The school district relies on subparagraph 2 of NRS 391.3196 to support the validity of the dismissal processes which it followed. Subparagraph 2 contains two sentences. The first sentence makes the automatic April 1 renewal provisions of NRS 391.3196(1) inapplicable to a teacher who, on the April 1 date, has already been recommended to be dismissed. Since the recommendation of dismissal in this case did not come until June 3, 1982, this provision has no application to Boyle's right to reemployment for the 1982-83 school year.

The second sentence of subparagraph 2 provides that a teacher may be dismissed on *statutory grounds* "after he had been notified that he is to be reemployed for the ensuing year." We read that language to mean that even after receiving the April 1 notice of contract renewal a teacher may still be subject to dismissal proceedings. For example, a teacher who had been renewed on April 1 could still be subject to dismissal proceedings if found to be guilty of serious immoral or criminal conduct. NRS 391.312 expressly provides that a teacher may be subject to immediate dismissal for immorality, physical or mental incapacity or a justifiable decrease in the number of positions due to a decreased student enrollment or district organization or conviction of a felony or of a crime involving moral turpitude. These "statutory" grounds of moral, physical and mental unfitness and economic exigency are clearly intended to be available at *any time* even, as stated in subparagraph 2, "after he has been notified that he is to be reemployed for the ensuing year." Because Boyle was not dismissed on any of these statutory grounds, this part of the statute has no application to her.

We must next consider what effect the January 27, 1983, decision of the board had on Boyle's right to employment after the 1982-83 school year. Notwithstanding its attempt at retroactivity, which we have held void above, that decision certainly constituted notice to Boyle that the school district no longer desired to retain her in its employ. In addition, Boyle had prior actual notice of that fact and had been afforded a hearing. The

hearing adduced evidence which Boyle's counsel readily admits constitutes sufficient cause for non-renewal of her contract. We therefore conclude that Boyle was duly notified that she would not be rehired for the 1983-84 school year.

We hold that Boyle's dismissal was improper. We further hold that the decision of the board of trustees on January 27, 1983, not to rehire Boyle was effective to provide her with notice that she would not be rehired for the following year, 1983-84.

The judgment of the trial court is reversed and remanded with instructions that the appellant, Darleen Boyle, receive all salary and emoluments, including pension rights, due to her for the 1982-83 school year.